## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

CRESCENT SHORES PROPERTIES,
INC., a Florida Domestic Corporation

        Plaintiff,

vs.                                             CASE NO.:3:06cv387/MCR/MD

LANDMARK AMERICAN INSURANCE
COMPANY, A Foreign Insurance Company

        Defendant.

_____/

## O R D E R

This matter is before the court on the issue of attorney fees.  Crescent Shores Properties, Inc.'s Amended Motion to Remand included a request for attorney fees and costs under 28 U.S.C. § 1447(c).  The court issued an order of October 10, 2006, inviting both parties to submit memoranda on the issue of attorney fees.  For the reasons that follow, the court DENIES plaintiff's motion for attorney fees and costs.

### Background

_____This breach of contract case was initially brought in the Circuit Court of the First Judicial Circuit, in and for Santa Rosa County, Florida on or about July 31, 2006.  Defendant removed the case to this court on September 11, 2006, based upon diversity jurisdiction.  Plaintiff then filed a Motion for Remand in which it requested attorney fees and expenses.  The Motion to Remand was summarily denied by the court for plaintiff's failure to comply with Northern District of Florida Local Rule 7.1(B), requiring counsel for the

moving party to certify that he has conferred (prior to filing the motion) with opposing counsel and made a good-faith effort to resolve the issues raised by the motion.  Three days later, defendant filed a Notice of Consent to Remand and plaintiff filed an Amended Motion for Remand and Memorandum in Support. As a result, the court granted the motion and remanded the case to state court but retained jurisdiction to consider plaintiff's request for attorney fees and costs.   The court gave plaintiff twenty (20) days to "file a memorandum of law on this question [of attorney fees and costs] with the appropriate support for the amount of fees and costs requested."  The court gave defendant fourteen (14) days to file its response.

**Discussion**

Federal courts "remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The granting of attorney fees and costs under § 1447 is committed to the sole discretion of the trial court.  See, e.g., Diebel v. S.B. Trucking Co., 262 F.Supp.1319 (M.D. Fla. 2003); IMCO USA, Inc. v. Title Ins. Co. of Minn., 729 F.Supp.1322, 1324 (M.D. Fla. 1990).  Under the circumstances presented in this case, the court finds that attorney fees and costs should not be awarded.

First, plaintiff's initial motion to remand and for attorney fees and costs was summarily rejected by the court for counsel's failure to comply with Northern District of Florida Local Rule 7.1(B).  This rule states that:

> Counsel for the moving party ... shall confer with counsel for the opposing party and shall file with the court, at the time of filing a motion, a statement certifying that counsel ... has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised.

The purpose of this rule is to avoid the unnecessary expenditure of time and effort by the parties and court.  This rule exists to avoid precisely what occurred in this case -- i.e. the unnecessary expenditure of time and effort by counsel which in turn resulted in increased attorney fees.  After the Rule 7.1(B) conference was held pursuant to the court's order, defendant filed its Notice of Consent to Remand.  Plaintiff has offered no evidence to

persuade the court that defendant would not have consented to the remand prior to plaintiff's first motion to remand if the Rule 7.1(B) conference had been held at the appropriate time.[1]  Thus it appear that had plaintiff had simply observed the local rules at the outset it would not have incurred the costs of drafting and filing the two motions to remand.  It would have incurred only the minimal cost of contacting the defendant and discussing the implications of the Eleventh Circuit's holding in <u>Russell Corp. v. Am. Home Assur. Co.</u>, 264 F.3d 1040 (11th Cir. 2001).  Under these circumstances, the court does not believe that an award of attorney fees and costs is appropriate under 28 U.S.C. § 1447(c).

Nonetheless, even if the court were to find that attorney fees and costs were proper under 28 U.S.C. § 1447(c), plaintiff's motion would still be denied because plaintiff has failed to provide proper support for its fees request as required by the court's order of October 10, 2006.    In its order, the court specifically directed plaintiff to file with its memorandum of law "appropriate support for the <u>amount</u> of fees and costs requested." (emphasis added).  In response, plaintiff merely states that "[p]ursuant to Local Rule 54.1, Plaintiff does hereby incorporate its' time records for review by this Honorable Court."[2]  First, the documents filed do not support plaintiff's request.  All hours recorded in these documents were incurred either prior to the Notice of Removal being filed or subsequent to the court's order granting the Amended Motion to Remand.  Section 1447(c) provides that attorney fees are only available for those fees and costs "incurred as a result of the removal."  Next, the one document filed that does include an itemization of attorney fees and non-attorney fees by date and activity (doc. 22) is also insufficient because it fails to include the attorney and non-attorney billing rates and/or to differentiate the hours accrued as a result of the removal versus those dedicated to other activities associated with the case.  Finally, plaintiff has failed to support a requested hourly rate with an "affidavit from

---

[1]  On the contrary, plaintiff asserted in its Memorandum of Law in Support of Plaintiff's Motion for Attorney Fees and Expenses that it "does not contend that Defendant has acted in bad faith in removing this cause of action to this Honorable Court."

[2]  Plaintiff cites to two attorney time records that have been filed with the court (docs. 9 and 18).

an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed" as required by the court's Local Rules.  <u>See</u> N.D. Fla. Loc. R. 54.1(E)(3).

Accordingly, it is hereby ordered that Plaintiff's Motion for Attorney Fees and Expenses is DENIED.  The clerk is directed to close this case.

**ORDERED** on this 21st day of December 2006.


*s/ M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**